PAE AO 241
(Rev. 05/2018

Page 4

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY

| United States District Court | District: Puerto Rico |
|---|---|
| **Name (under which you were convicted):**<br><br>Peter Gakuba | **Docket or Case No.:** 26-CV-1285 PAD |
| **Place of Confinement:**<br>REGISTERED SEX OFFENDER -     * | **Prisoner No.:** |

| **Petitioner** (Include the name under which you were convicted):<br>IN RE: PETER GAKUBA | **Respondent** (Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner): |
|---|---|

V.

and

* Piasecki v. Court of Common Pleas, 917 F.3d 161 (3d Cir. 2019)
(SORNA registrants qualify as "in-custody" for purposes of habeas law)
(cited sites 11/01/2025)

The District Attorney of the County of:_____

and

The Attorney General of the State of: Puerto Rico _____

## PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:
   17th Circuit Court, Winnebago Co., IL
   400 W. State Street
   Rockford, IL 61101

   (b) Criminal docket or case number (if you know): 2006-CF-4324 (17th Cir. Ct., Winnebago Co.)

2.   (a) Date of judgment of conviction (if you know): 04/29/2015

   (b) Date of sentencing: 06/29/2015

3.   Length of sentence: 12-years "discretionary consecutive" (3-counts x 4-years ... 1 indictment)

4.   In this case, were you convicted on more than one count or of more than one crime? ☒ Yes    ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case: commonly called -- "statutory rape" ...
   3-counts of "aggravated criminal sexual abuse" -- 720 ILCS 5/12-16(d) ... (1 gay teenage runaway accuser -- Matthew S. ("MS")
   1 count - sexual penetration: penis to mouth (Gakuba -> MS) ...
   1 count - sexual penetration: penis to anus (Gakuba -> MS) ...
   1 count - sexual penetration: penis to mouth (MS -> Gakuba)

PAE AO 241
(Rev. 05/2018

6.  (a)  What was your plea?  (Check one)

☑ (1)    Not Guilty                    ☐ (3)    Nolo contendere (no contest)

☐ (2)    Guilty                       ☐ (4)    Insanity plea

(b)  If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what
did you plead guilty to and what did you plead not guilty to? _____
    Pleaded NOT GUILTY to ALL 3 counts of sexual penetration
_____
_____
_____

(c)  If you went to trial, what kind of trial did you have? (Check one)

☑ Jury                     ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes                     ☐ No

8.    Did you appeal from the judgment of conviction?

☑ Yes                     ☐ No

9.    If you did appeal, answer the following:

(a)  Name of court: Illinois Appellate Court - 2nd District _____

(b)  Docket or case number (if you know): 2-15-0744-U _____

(c)  Result: Conviction + Sentence -- AFFIRMED _____

(d)  Date of result (if you know): 03/31/2017 _____

(e)  Citation to the case (if you know): People v. Gakuba, 2017 Ill. App. 2d 150744 (Ill. App. Ct. 2017)

(f)  Grounds raised: (1) The "booking process" post hoc fabricated irrationalization of name & birthdate resulted in Napue trial

violations, evaded suppression of illegal ID-evidence per 18 USC subsec. 2710(d) & 4th Amendment / Brown viols.,

(1a) Structural Error: 6th Amend. public trial right denied; (2) Res Judicata/estoppel barred re-do of quashed IL S. Ct Rule 411/413 "buccal

warrant" per Franks & Brown viols., "bootstrapping" occurred; (3) cumulative evidentiary errors led to wrongful convictions

with legally & manifestly insufficient evidence, Napue viols., and deprived use of impeachment evidence; (4) Structural Error: pro se right

denial 3-6 weeks before trial as "delay tactic"; (5) Plain Error: denial of right to be tried by LAWFUL disinterested prosecutor;

(6) Structural Error: denial of right to be tried by LAWFUL unbiased / impartial judge; (7) Sentence Error: must be CONCURRENT

terms of prison -- not "discretionary consecutive."

(g)  Did you seek further review by a higher state court?

☑ Yes            ☐ No

PAE·AO 241
(Rev. 05/2018

Page 6

If yes, answer the following:

(1) Name of court: Illinois Supreme Court

(2) Docket or case number (if you know): 2017 WL 4386407

(3) Result: state certiorari DENIED

(4) Date of result (if you know): 09/27/2017

(5) Citation to the case (if you know): 2017 WL 4386407

(6) Grounds raised: SAME as in DIRECT APPEAL. See supra page 5, para. 9(f).

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes          ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(i) Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

☑ Yes          ☐ No

10.  If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: 17th Circuit Court, Winnebago Co., IL

(2) Docket or case number (if you know): 2006-CF-4324 (17th Cir. Ct., Winnebago Co.)

(3) Date of filing (if you know): 06/30/2017

(4) Nature of the proceeding: Post-Conviction Petition (IL)

(5) Grounds raised: _____
SAME as in DIRECT APPEAL. See supra page 3, paragraph 9(f) ... only this time ... recriminations / culpability lie with the assistant public defender (APD) shoved down an unwilling Gakuba's throat who was guilty of Cronic violations -- complete abjection to subjecting the state's MALICIOUS prosecution to any meaningful adversarial testing. Not one witness was called, no cross-examination fo the state's key material witness -- IL police Charles O'Brien -- named in a pendng pro se federal lawsuit for viols. of 18 USC subsec. 2710 et seq., 18 USC subsec. 2721 et seq., false arrest, FRANKS violations ... not to mention the APD's abject refusal to WITHDRAW from the case as had Gakuba's 2 prior retained lawyers and 2 court-appointed appellate public defenders.

PAE AO 241
(Rev. 05/2018

Page 7

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: 3-stages for post-conviction petition; dismissed as "frivolous" at state 1.

(8) Date of result (if you know): 09/19/2017

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Not Applicable

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Not Applicable

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion:

| | | | | | |
|---|---|---|---|---|---|
| (1) | First petition: | ☑ | Yes | ☐ | No |
| (2) | Second petition: | ☐ | Yes | ☐ | No |
| (3) | Third petition: | ☐ | Yes | ☐ | No |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

11. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
\*\*\* See accompanying pro se "successive" habeas petition; 1st habeas petition was violative of "mixed" habeas
due process violation per Rose v. Lundy, 455 US 509 (1982) and Rhines v. Weber, 544 US 269 (2005) ... both
cited in an identical case -- Sparks v. Dorethy, 2018 US App LEXIS 32265 (01/09/2018 USCA7). \*\*\*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
\*\*\* See accompanying pro se "successive" habeas petition; 1st habeas petition was violative of "mixed" habeas
due process violation per Rose v. Lundy, 455 US 509 (1982) and Rhines v. Weber, 544 US 269 (2005) ... both
cited in an identical case -- Sparks v. Dorethy, 2018 US App LEXIS 32265 (01/09/2018 USCA7). \*\*\*

PAE AO 241
(Rev. 05/2018

(b)  If you did not exhaust your state remedies on Ground One, explain why: N/A

(c)  **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

☑ Yes      ☐ No

(2)  If you did not raise this issue in your direct appeal, explain why? N/A

(d)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes      ☐ No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: post-conviction petition

Name and location of the court where the motion or petition was filed: 17th Circuit Court, Winnebago Co., IL
400 W. State Street    Rockford, IL 61101

Docket or case number (if you know): 2006-CF-4324 (17th Cir. Ct., Winnebago Co.)

Date of the court's decision: 09/19/2017

Result (attach a copy of the court's opinion or order, if available): _____
*** See SUPPORTING RECORDS -- Volume 3 -- Attachment(s) 4-5 ***

(3)  Did you receive a hearing on your motion or petition?        ☐ Yes    ☑ No
(4)  Did you appeal from the denial of your motion or petition?   ☑ Yes    ☐ No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☑ Yes      ☐ No

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Illinois Appellate Court - 2nd District
55 Symphony Way      Elgin, IL 60120

Docket or case number (if you know): 2-17-0794-U

Date of the court's decision: 01/18/2019

PAE AO 241
(Rev. 07/10)

Result (attach a copy of the court's opinion or order, if available): _____

** See SUPPORTING RECORDS -- Volume 3 -- Attachment(s) 6-8 ***

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

Gakuba v. Grissom, 17-cv-50337 (USDC-ND IL) (1st habeas; Rule 60(b) Rose and Rhines violations)

Gakuba v. Neese, 18-3398 (USCA7) (petition for COA - esp. 6th Amend. pro se re-invocation denial)

Gakuba v. Grissom, 20-3117 (USCA7) (petition for COA -- Rule 60(b) Gonzalez v. Crosby per Rose + Rhines)

**GROUND TWO:** Gakuba v. Illinois Prisoner Review Board, 2020-CH-6427 (Cook Co. Cir. Ct.) (IL habeas petition)

Gakuba v. Illinois Prisoner Review Board, 2021-MR-1206 (7th Cir. Ct., Sangamon Co.) (IL habeas petition)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*** See SUPPORTING RECORDS & APPENDICES (entire Post-Conviction Appeal's Record including the

"R"eport of Proceedings (i.e. transcripts) and the "C"ommon Law Record (i.e. pleadings / docketings) ***

*** See accompanying pro se "successive" habeas petition; 1st habeas petition was violative of "mixed" habeas

due process violation per Rose v. Lundy, 455 US 509 (1982) and Rhines v. Weber, 544 US 269 (2005) ... both

cited in an identical case -- Sparks v. Dorethy, 2018 US App LEXIS 32265 (01/09/2018 USCA7). ***

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

N/A

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☑ Yes      ☐ No

PAE AO 241
(Rev. 07/10)

(2)  If you did not raise this issue in your direct appeal, explain why? N/A _____

_____

_____

**(d)  Post-Conviction Proceedings:**

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes      ☐      No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: post-conviction petition _____

Name and location of the court where the motion or petition was filed: 17th Circuit Court, Winnebago Co., IL

400 W. State Street   Rockford, IL 61101 _____

Docket or case number (if you know): 2006-CF-4324 (17th Cir. Ct., Winnebago Co.) _____

Date of the court's decision: 09/19/2017 _____

Result (attach a copy of the court's opinion or order, if available): _____

*** See SUPPORTING RECORDS & APPENDICES (entire Post-Conviction Appeal's Record including

the "R"eport of Proceedings (i.e. transcripts) and the "C"ommon Law Record (i.e. pleadings / docketings) ***

(3)  Did you receive a hearing on your motion or petition?          ☐   Yes      ☑   No

(4)  Did you appeal from the denial of your motion or petition?     ☑   Yes      ☐   No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☑ Yes       ☐ No

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Illinois Appellate Court - 2nd District

55 Symphony Way       Elgin, IL 60120 _____

Docket or case number (if you know): 2-17-0794-U _____

Date of the court's decision: 01/18/2019 _____

Result (attach a copy of the court's opinion or order, if available): _____

** See SUPPORTING RECORDS -- Volume 3 -- Attachment(s) 6-8 *** _____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: N/A _____

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

N/A -- See supra Q&A 11(e)

_____

_____

**GROUND THREE:** *** See accompanying pro se "successive" habeas petition; 1st habeas petition was violative of "mixed" habeas due process violation per Rose v. Lundy, 455 US 509 (1982) and Rhines v. Weber, 544 US 269 (2005) ... both cited in an identical case -- Sparks v. Dorethy, 2018 US App LEXIS 32265 (01/09/2018 USCA7). ***

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
*** See accompanying pro se "successive" habeas petition; 1st habeas petition was violative of "mixed" habeas due process violation per Rose v. Lundy, 455 US 509 (1982) and Rhines v. Weber, 544 US 269 (2005) ... both cited in an identical case -- Sparks v. Dorethy, 2018 US App LEXIS 32265 (01/09/2018 USCA7). ***

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____
N/A

_____

_____

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        ☑ Yes       ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why? _____
        N/A

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: post-conviction petition

PAE AO 241
(Rev. 07/10)

Name and location of the court where the motion or petition was filed: 17th Circuit Court, Winnebago Co., IL

400 W. State Street    Rockford, IL 61101

Docket or case number (if you know): 2006-CF-4324 (17th Cir. Ct., Winnebago Co.)

Date of the court's decision: 09/19/2017

Result (attach a copy of the court's opinion or order, if available): _____
** See SUPPORTING RECORDS -- Volume 3 -- Attachment(s) 6-8 ***

(3) Did you receive a hearing on your motion or petition?        ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☑ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ALL GROUNDS Raised in DIRECT APPEAL &
POST CONVICTION PETITION were APPEALED to both the intermediate state appellate court AND the state supreme

Docket or case number (if you know): court; PC Appealed to US S. Ct.

Date of the court's decision: Same for supra Grounds 1-2 (over 7 total)

Result (attach a copy of the court's opinion or order, if available): _____
** See SUPPORTING RECORDS -- Volume 3 -- Attachment(s) 6-8 ***

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____
N/A

**GROUND FOUR:** ALL GROUNDS Raised in DIRECT APPEAL & POST CONVICTION PETITION were APPEALED to both the
intermediate state appellate court AND the state supreme court; PC Appealed to US S. Ct.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
*** See accompanying pro se "successive" habeas petition; 1st habeas petition was violative of "mixed" habeas
due process violation per Rose v. Lundy, 455 US 509 (1982) and Rhines v. Weber, 544 US 269 (2005) ... both
cited in an identical case -- Sparks v. Dorethy, 2018 US App LEXIS 32265 (01/09/2018 USCA7). ***

PAE AO 241
(Rev. 07/10)

Page 14

(b)  If you did not exhaust your state remedies on Ground Four, explain why: _____

N/A

(c)  **Direct Appeal of Ground Four:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue?

     ☑ Yes     ☐ No

   (2)  If you did not raise this issue in your direct appeal, explain why?  N/A

(d)  **Post-Conviction Proceedings:**

   (1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

     ☑ Yes     ☐ No

   (2)  If your answer to Question (d)(1) is "Yes," state:

     Type of motion or petition:  post-conviction petition

     Name and location of the court where the motion or petition was filed:  17th Circuit Court, Winnebago Co., IL
     400 W. State Street    Rockford, IL 61101

     Docket or case number (if you know):  2006-CF-4324 (17th Cir. Ct., Winnebago Co.)

     Date of the court's decision:  09/19/2017

     Result (attach a copy of the court's opinion or order, if available):  *** See SUPPORTING RECORDS & APPENDICES
     (entire Post-Conviction Appeal's Record including the "R"eport of Proceedings (i.e. transcripts)
     and the "C"ommon Law Record (i.e. pleadings / docketings) ***

   (3)  Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

   (4)  Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

PAE AO 241
(Rev. 07/10)

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☑ Yes      ☐ No

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Illinois Appellate Court - 2nd District

55 Symphony Way     Elgin, IL 60120

Docket or case number (if you know): 2-17-0794-U

Date of the court's decision: 01/18/2019

Result (attach a copy of the court's opinion or order, if available): _____
*** See SUPPORTING RECORDS & APPENDICES (entire Post-Conviction Appeal's Record including

the "R"eport of Proceedings (i.e. transcripts) and the "C"ommon Law Record (i.e. pleadings / docketings) ***

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____
N/A

12.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

☑ Yes      ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: N/A

PAE AO 241
(Rev. 07/10)

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

13. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

☑ Yes          ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

Gakuba v. Grissom, 17-cv-50337 (USDC-ND IL) (1st habeas; Rule 60(b) Rose and Rhines violations)

Gakuba v. Neese, 18-3398 (USCA7) (petition for COA - esp. 6th Amend. pro se re-invocation denial)

Gakuba v. Grissom, 20-3117 (USCA7) (petition for COA -- Rule 60(b) Gonzalez v. Crosby per Rose + Rhines)

Gakuba v. Illinois, 18-9041 (US. S. Ct.) (cert. denied) (post-conviction IL courts denial)

Gakuba v. Neese, 19-6543 (US S. Ct.) (cert. denied) (fed'l habeas petition, COA denial)

Gakuba v. Grissom, 20-7506 (US. S. Ct.) (cert. denied) (fed'l habeas Rule 60(b) per Gonzalez of a Rose + Rhines habeas "mixed" petition due process violation)

14. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

☑ Yes          ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:

Gakuba v. Illinois Prisoner Review Board, 2020-CH-6427 (Cook Co. Cir. Ct.) (IL habeas petition)

Gakuba v. Illinois Prisoner Review Board, 2021-MR-1206 (7th Cir. Ct., Sangamon Co.) (IL habeas petition)

15. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Daniel Cain + Debra Schafer of Sreenan & Cain, LLC

120 W. State St., Suite 303 Rockford, IL 61101-1130

(b) At arraignment and plea: Daniel Cain + Debra Schafer of Sreenan & Cain, LLC

120 W. State St., Suite 303 Rockford, IL 61101-1130

PAE AO 241
(Rev. 07/10)

(c)  At trial: __asst. public defender Shauna Gustafson of Winnebago Co. Public Defender's Office__
__400 W. State St., 3rd floor Rockford,IL 61101__

(d)  At sentencing: __asst. public defender Shauna Gustafson of Winnebago Co. Public Defender's Office__
__400 W. State St., 3rd floor Rockford,IL 61101__

(e)  On appeal: __Peter Gakuba, pro se__

(f)  In any post-conviction proceeding: __Peter Gakuba, pro se__

(g)  On appeal from any ruling against you in a post-conviction proceeding: __Peter Gakuba, pro se__

16.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

☐ Yes        ☑ No

(a)  If so, give the name and location of the court that imposed the other sentence you will serve in the future: __N/A__

(b)  Give the date the other sentence was imposed: __N/A__

(c)  Give the length of the other sentence: __N/A__

(d)  Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

☐ Yes        ☐ No

17.  **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition*
*** EQUITABLE ESTOPPEL -- 1ST PETITION VIOLATED 14TH AMEND. HABEAS DUE PROCESS
per Rose -- See Sparks v. Dorethy, 17-2135 (USCA7) (ECF 15: Order addressing Rose v. Lundy, 455 US 509 (1982) violation).
Also, see Arrieta v. Battaglia, 461 F.3d 861 (7th Cir. 2006) (Rhines v. Weber and Gonzalez v. Crosby).
Gakuba, 20-1137 (ECF 9: memorandum of law, Arrieta cited).
Gakuba v. Grissom, 20-7506 (US. S. Ct.) (cert. denied) (fed'l habeas Rule 60(b) per Gonzalez of a Rose
+ Rhines habeas "mixed" petition due process violation)
Decision date: May 24, 2021.
Gakuba has been diligent and punctilious and timely in every step and measure available for overturning this wrongful conviction.

PAE AO 241
(Rev. 07/10)

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of -

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: IMMEDIATE CONVICTION VACATUR per 18 USC subsec. 2710(b)(2)(C), 2710(d), 2710(e) and Brown/Dunaway  and Franks; STRUCTURAL ERROR -- Waller v. Georgia (6th Amend. Viol.)  and Faretta v. California (6th Amend. viol.)

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

PAE AO 241
(Rev. 07/10)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____.

*(month, date, year)*

Executed (signed) on_____05/06/2026_____(date).

_____

*Signature of Petitioner*

Peter Gakuba - pro se
c/o Law Offices of David B. Shapiro
58 W. Biddle St.
Baltimore, MD 21201
202-630-1774 / courts.usdc.all@gmail.com

If the person signing is not the petitioner, state the relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

_____

_____